# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES ABBOTT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-00170-DGK |
| CARL E. CORNWELL, II, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT RIGBY'S MOTION TO DISMISS

This case arises out of a criminal case involving pro se Plaintiff James Abbott ("Abbott") and presided by Defendant Judge Twila K. Rigby ("Judge Rigby").[1] In this case, Abbott is suing Judge Rigby, attorneys, and others involved in the criminal case, for violations of his constitutional and civil rights.

Now before the Court is Judge Rigby's Motion to Dismiss (Doc. 6). As explained below, the motion is GRANTED.

## Background

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court finds the facts to be as follows.

This lawsuit stems from a state criminal case. Abbott was arrested and charged with a felony. After a supplemental mental health examination, Judge Rigby dismissed his case without prejudice finding he lacked the mental fitness to proceed and there was not a substantial probability he would be mentally fit to proceed in the foreseeable future.

---

[1] *State v. Abbott*, No. 1216-CR05298 (Mo. Assoc. Cir. Ct. dismissed Apr. 9, 2014).

Abbott filed this two-count lawsuit alleging violations of his civil rights by Judge Rigby, Jackson County, Missouri prosecutors and public defenders, private defense attorneys, a psychologist, and Correct Care Solutions, for actions that took place related to his criminal case. Count I alleges Abbott was detained in jail and then released to obtain immediate medical treatment at his own expense. Count II alleges Defendants conspired to deprive Abbott of his constitutional rights by arresting him, fabricating and contriving criminal charges against him, denying his right to preliminary hearing through excessive continuances, making false statements to keep him in jail, imposing excessive bail, refusing to provide him with adequate and appropriate medical care and treatment, and releasing him from jail to avoid the cost of medical treatment. Abbott seeks compensatory and punitive damages, costs, pre- and post-judgment interest, and a declaration that is constitutional and civil rights were violated.

Abbott alleges Judge Rigby "conspired to provide plaintiff with continued necessary medical care", "unilaterally dismissed case no. 1216CR05298 on 12/21/2012", and "conspired under the color of law to violate plaintiff's 1st, 4th, 5th, 6th, 8th, and 14th constitutional and Section 1983 civil rights."  (Doc. 1-3).

Judge Rigby moves to dismiss Abbott's claims against her under Rule 12(b)(1) and 12(b)(6) arguing the *Rooker-Feldman* doctrine applies and that she has absolute immunity from suits.

## Standard

There are two types of challenges to subject matter jurisdiction under Rule 12(b)(1): "factual" attacks and "facial" attacks. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  In a factual attack, the court considers matters extrinsic to the pleadings to determine if it has subject matter jurisdiction.  A facial attack, challenges subject matter jurisdiction based on the

bare allegations in the complaint. In a facial attack the court assumes the allegations in the complaint are true, whereas in a factual attack the court does not. The pending motion is a facial attack because Judge Rigby argues that even if Abbott's allegations are true, the Court lacks subject matter jurisdiction.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is pro se, the Court is bound to liberally construe his filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Discussion**

**I.     The *Rooker-Feldman* doctrine does not apply in this case.**

Before considering whether Abbott has stated a claim for relief, the Court must determine whether it has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and as such, may only hear cases as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Whenever it appears by suggestion of the parties or otherwise that a federal

court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

Lower federal courts, such as federal district courts, lack subject matter jurisdiction over most challenges to state court judgments. With the exception of habeas corpus petitions, federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine recognizes this and forecloses not only straightforward appeals from state court decisions, "but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.*

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). The Eighth Circuit explained:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008).

The Court cannot say that Abbott's claims are inextricably intertwined with his state court judgement, at least as to the claims against Judge Rigby. Abbott's complaint alleges Judge Rigby

4

acted illegally, and in doing so violated his civil rights. Based on the Court's liberal reading of the complaint, it finds Abbott does not seek to overturn his state court judgment, but rather he asserts claims independent to his state court case. *See Riehm*, 538 F.3d at 965 (finding the *Rooker–Feldman* doctrine was inapplicable where a plaintiff was seeking redress under 42 U.S.C. § 1983 and alleging constitutional violations, not seeking to overturn the state court's judgment). While factual assertions in Abbott's opposition brief seem to challenge his state court case, including that Judge Rigby "lacked jurisdiction," these assertions are not within his complaint and therefore are not properly before the Court. *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Therefore, the Court finds *Rooker–Feldman* doctrine does not apply and the Court has subject matter jurisdiction over the claims against Judge Rigby. Judge Rigby's motion to dismiss under Rule 12(b)(1) is DENIED.

**II.     Abbott's claims against Judge Rigby are barred by judicial immunity.**

Abbott is suing Judge Rigby for acts she took in her judicial capacity, including holding and continuing hearings, setting bail, ruling on motions, and entering orders. Abbott reinforces these allegations in his responsive brief when he argues Judge Rigby executed these judicial duties in a capricious and arbitrary manner. (Doc. 14 at 3).

Judges acting in their judicial capacity are immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity applies even when the plaintiff claims that the judicial acts were taken maliciously and corruptly. *Id.* at 11, 13; *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (finding a judicial act does not become less judicial by virtue of an allegation of malice or corruption of motive."); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Abbott only complains about acts Judge Rigby took in her judicial capacity, and thus, his claims are barred by judicial immunity. Accordingly, Judge Rigby's motion to dismiss under 12(b)(6) is GRANTED.

## Conclusion

For the foregoing reasons, Judge Rigby's motion to dismiss (Doc. 6) is GRANTED.

**IT IS SO ORDERED.**

Date:  July 20, 2018                              /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT