# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES ABBOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-00170-DGK |
| CARL E. CORNWELL, II, et al., | ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises out of a criminal case involving pro se Plaintiff James Abbott ("Abbott").[1] In this case, Abbott is suing the judge who presided over his criminal case, prosecuting attorneys, defense attorneys, and others involved in the criminal case, for violations of his constitutional and civil rights.

Now before the Court is Defendants Jean Peters Baker ("Baker"), Patrick Edwards ("Edwards"), and Michael Hunt's ("Hunt") Motion to Dismiss (Doc. 11). As explained below, the motion is GRANTED.

### Background

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court finds the facts to be as follows.

This lawsuit stems from a state criminal case. Abbott was arrested and charged with a felony. After a supplemental mental health examination, the Judge dismissed his case without prejudice, finding he lacked the mental fitness to proceed, and there was not a substantial probability he would be mentally fit to proceed in the foreseeable future.

---

[1] *State v. Abbott*, No. 1216-CR05298 (Mo. Assoc. Cir. Ct. dismissed Apr. 9, 2014).

Abbott filed this two-count lawsuit alleging violations of his civil rights by the Judge, Baker, Edwards, and Hunt (collectively "Prosecutor Defendants"), public defenders, private defense attorneys, a psychologist, and Correct Care Solutions, for actions that took place related to his criminal case. Count I alleges Abbott was detained in jail and then released to obtain immediate medical treatment at his own expense. Count II alleges Defendants conspired to deprive Abbott of his constitutional rights by arresting him, fabricating and contriving criminal charges against him, denying his right to preliminary hearing through excessive continuances, making false statements to keep him in jail, imposing excessive bail, refusing to provide him with adequate and appropriate medical care and treatment, and releasing him from jail to avoid the cost of medical treatment. Abbott seeks compensatory and punitive damages, costs, pre- and post-judgment interest, and a declaration that is constitutional and civil rights were violated.

Prosecutor Defendants are prosecutors employed by Jackson County, Missouri. Abbott alleges Edwards falsified Plaintiff's legal representation on a motion for mental examination. He further alleges that Hunt and Edwards failed to present "proof of cause" at a preliminary hearing. As to Hunt and Baker, he alleges they conspired to provide him with continued necessary medical care. Finally, he alleges the Prosecutor Defendants conspired to violate his 1st, 4th, 5th, 6th, 8th, and 14th amendment rights as well as his § 1983 civil rights. Finally, Abbott alleges that his rights were violated through excessive continuances and that he was improperly charged. (Doc. 1-3).

The Prosecutor Defendants move to dismiss Abbott's claims against them under Rule 12(b)(1) and 12(b)(6) arguing the *Rooker-Feldman* doctrine applies and that they have immunity from suits.

**Standard**

There are two types of challenges to subject matter jurisdiction under Rule 12(b)(1): "factual" attacks and "facial" attacks. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual attack, the court considers matters extrinsic to the pleadings to determine if it has subject matter jurisdiction. A facial attack challenges subject matter jurisdiction based on the bare allegations in the complaint. In a facial attack the court assumes the allegations in the complaint are true, whereas in a factual attack the court does not. The pending motion is a facial attack because the Prosecutor Defendants argue that even if Abbott's allegations are true, the Court lacks subject matter jurisdiction.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is pro se, the Court is bound to liberally construe his filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Discussion**

**I. The *Rooker-Feldman* doctrine bars Abbott's claims as to the sufficiency of the evidence presented at hearings.**

Before considering whether Abbott has stated a claim for relief, the Court must determine whether it has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and as such, may only hear cases as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Whenever it appears by suggestion of the parties or otherwise that a federal court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

Lower federal courts lack subject matter jurisdiction over most challenges to state court judgments. With the exception of habeas corpus petitions, federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine recognizes this and forecloses not only straightforward appeals from state court decisions, "but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.*

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). The Eighth Circuit explained:

4

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008).

The Court finds that any claims stemming from Abbott's complaints that Prosecutor Defendants did not present sufficient evidence at a hearing are inextricably intertwined with his state court judgement. Abbott complains Hunt and Edwards failed to meet their burden of proof at a preliminary hearing and in doing so violated his civil rights. Based on the Court's liberal reading of the complaint, it finds Abbott seeks to overturn state court decisions made at this hearing, not an independent claim. Therefore, the Court finds *Rooker–Feldman* doctrine applies to claims stemming from the sufficiency of evidence presented at his preliminary hearing. The motion to dismiss under Rule 12(b)(1) is GRANTED IN PART.

## II.     Abbott's claims against the Prosecutor Defendants are barred by immunity.

"Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct in intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "Functions[] intimately associated with the judicial phase of the criminal process[] as opposed to investigative police work or administrative duties [are] absolutely shielded from liability under section 1983 claims." *Reasonover v. St. Louis County*, 447 F.3d 569, 579-580, (8th Cir. 2006) (internal citations and quotations omitted). Immunity is not defeated by allegations of

malice, vindictiveness, or self-interest. *Id*. Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate. *Sample*, 836 F.3d at 916.

Abbott complains about acts the Prosecutor Defendants took in their capacity as prosecutors including charging him, requesting continuances, and presenting evidence. Thus, his claims are barred by absolute immunity. Accordingly, the Prosecutor Defendants' motion to dismiss under 12(b)(6) based on immunity is GRANTED.[2]

**Conclusion**

For the foregoing reasons, the motion to dismiss (Doc. 11) is GRANTED.

**IT IS SO ORDERED.**

Date: July 20, 2018                             /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

---

[2] Additionally, the Court finds Abbott fails to state a claim against these defendants as required by Rule 8. Abbott's complaint consists entirely of conclusory statements that Prosecutor Defendants deprived him of his civil rights and fails to assert any facts supporting a violation of any of these rights. For example, he claims Prosecutor Defendants violated his 1st and 8th amendment rights yet does not assert any facts supporting this claim. He does not state any facts regarding how or where these violations occurred. Accordingly, Abbott fails to state a plausible claim as required by *Iqbal*.