# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JAMES ABBOTT,                       )

       Plaintiff,              )

       v.                         )         No. 4:18-CV-00170-DGK

CARL E. CORNWELL II, et al.,      )

       Defendants.          )

## ORDER GRANTING DEFENDANT MANDRACCHIA'S MOTION TO DISMISS

This case arises out of a criminal case involving pro se Plaintiff James Abbott ("Abbott").[1] In this case, Abbott is suing the judge who presided over his criminal case, prosecuting attorneys, defense attorneys, and others involved in the criminal case, for violations of his constitutional and civil rights.

Now before the Court is Defendant Dr. Steven Mandracchia's Motion to Dismiss (Doc. 13). As explained below, the motion is GRANTED.

## Background

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court finds the facts to be as follows.

This lawsuit stems from a state criminal case. Abbott was arrested and charged with a felony. After a supplemental mental health examination, the Judge dismissed his case without prejudice, finding he lacked the mental fitness to proceed, and there was not a substantial probability he would be mentally fit to proceed in the foreseeable future.

Abbott filed this two-count lawsuit alleging violations of his civil rights by the Judge, prosecutors, public defenders, private defense attorneys, Dr. Mandracchia, and Correct Care

---

[1] *State v. Abbott*, No. 1216-CR05298 (Mo. Assoc. Cir. Ct. dismissed Apr. 9, 2014).

Solutions, for actions that took place related to his criminal case. Count I alleges Abbott was detained in jail and then released to obtain immediate medical treatment at his own expense. Count II alleges Defendants conspired to deprive Abbott of his constitutional rights. Abbott seeks compensatory and punitive damages, costs, pre- and post-judgment interest, and a declaration that is constitutional and civil rights were violated.

Dr. Mandracchia is a doctor employed by the Missouri Department of Mental Health. In Abbott's criminal case, Dr. Mandracchia served as a forensic psychologist witness. Abbott alleges Dr. Mandracchia provided two false findings that Plaintiff was mentally incompetent to stand trial (Doc. 1-3 at 1). Based on this allegation, it appears Abbott only asserts his Count One against Dr. Mandracchia.

Dr. Mandracchia moves to dismiss Abbott's claims against him under Rule 12(b)(6) arguing Abbott has failed to state a claim that is plausible on its face and that the Eleventh Amendment bars his claim.

### Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is pro se, the Court is bound to liberally construe his filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Though pro se complaints are to be

construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

**I.      The Eleventh Amendment bars Abbott's claim against Dr. Mandracchia.[2]**

"Federal courts are courts of limited jurisdiction." *Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment also bars suits brought against a State by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Unless the State waives or Congress abrogates that immunity, "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This immunity extends to state agencies as well. *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982).

"If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Suits against state officials in their official capacities are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Though a state can waive its Eleventh Amendment immunity, the test to determine whether it has done so is a stringent one. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we

---

[2] Additionally, the Court finds Abbott fails to state a claim against Dr. Mandracchia as required by Rule 8. Abbott's complaint is nearly devoid of any facts as it relates to Dr. Mandracchia. The totality of Abbott's allegations against Dr. Mandracchia is that he issued two false findings of mental incompetence. Abbott's complaint lacks statements on which portions of Dr. Mandracchia's findings were false, how they were false, and how those false findings relate to this claim in Count One. The allegation against Dr. Mandracchia is insufficient to state a claim because it lacks any details which would give Dr. Mandracchia "fair notice of the nature and basis or grounds" for his claim. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (alteration in original) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Congress did not abrogate states' immunity when it enacted 42 U.S.C. § 1983. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65 (1989).

Abbott does not allege the State of Missouri has waived its Eleventh Amendment immunity. Further, Abbott's complaint is silent as to the capacity in which he is suing Dr. Mandracchia. The Court construes Abbott's complaint against Dr. Mandracchia as against him in his official capacity, an employee of the Department of Mental Health. *See Egerdahl*, 72 F.3d at 619. Because Mandracchia is being sued in his official capacity, the suit is treated as a suit against the State of Missouri. *See Hafer*, 502 U.S. at 25.

Any § 1983 claim against the State of Missouri is barred. *See Will*, 491 U.S. at 64. Because Abbott has not pled a waiver or abrogation of the Missouri's Eleventh Amendment immunity, his claims against Dr. Mandracchia in his official capacity are barred by the Eleventh Amendment.

### Conclusion

For the foregoing reasons, the motion to dismiss (Doc. 13) is GRANTED.

**IT IS SO ORDERED.**

Date:  July 20, 2018                                     /s/ Greg Kays
                                                         GREG KAYS, CHIEF JUDGE
                                                         UNITED STATES DISTRICT COURT