IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES ABBOTT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00170-DGK |
| CARL E. CORNWELL II, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER DISMISSING REMAINING DEFENDANTS FOR FAILURE TO EFFECTUATE SERVICE AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

This case arises out of a criminal case involving pro se Plaintiff James Abbott.[1] In this case, Plaintiff is suing the judge who presided over his criminal case, prosecuting attorneys, defense attorneys, and others involved in the criminal case, for violations of his constitutional and civil rights.

On March 5, 2018, Plaintiff filed his complaint against all Defendants and paid the filing fee. Defendants Judge Twila K. Rigby, Jean Peters Baker, Patrick Edwards, Michael Hunt, and Dr. Steven Mandracchia responded with motions to dismiss for failing to state a claim and the Court granted those motions. *See* (Docs. 20, 21, 22). The remaining Defendants, Carl Cornwell, II, Kelli Cooper, Keith O'Conner, and Correct Care Solutions, have not appeared or answered Plaintiff's complaint.

On July 20, 2018, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute because the record was unclear whether Plaintiff had served these Defendants or whether they have failed to answer or otherwise respond to the complaint. Plaintiff responded with copies of "Notice of Lawsuit and Request for Waiver of Service for

---
[1] *State v. Abbott*, No. 1216-CR05298 (Mo. Assoc. Cir. Ct. dismissed Apr. 9, 2014).

Summons" he purportedly sent to the remaining Defendants on March 16, 2018 (Doc. 24), and motions for default judgment against the remaining Defendants (Docs. 25–28).

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). This is true "whether or not [the defendant] had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

Rule 4 provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Alternatively, "[t]he plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Among other things, the plaintiff's request must "be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form," "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver," and "be sent by first-class mail or other reliable means." *Id.* "If the defendant returns the waiver and the plaintiff files the waiver with the court, the action shall proceed as if a summons and complaint had been served at the timing of filing the waiver. *However, if the defendant does not waive service, service has not been effected.*" *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867–68 (8th Cir. 2000) (emphasis added). Thus, if the defendant does not return the waiver form, the plaintiff must still serve the summons and complaint in a manner prescribed by Rule 4. *See* Fed. R. Civ. P. 4(d)(2). While a defendant generally "has a duty to avoid the unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), a "defendant[ ] ha[s] no obligation to waive [its] due process right to proper service." *Adams*, 74 F.3d at 886.

Further, the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Accordingly, "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 90 days it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams*, 74 F.3d at 887 (emphasis in original).

Here, Plaintiff was required to serve the remaining Defendants or file their return of waiver on or before June 4, 2018. Plaintiff's requests for waivers do not demonstrate the remaining Defendants have been properly served or have agreed to waive service. At best they demonstrate Plaintiff requested these Defendants waive service. However, Defendants are under no obligation to waive service.

Considering Plaintiff's pro se status, the Court considers whether it would be worthwhile to extend the time for service rather than dismiss the remaining Defendants. In reviewing Plaintiff's complaint, construing it liberally, and for all the reasons stated in the Court's previous orders to dismiss for failing to state a claim, the Court finds the better course is to dismiss the remaining Defendants without prejudice. The Court, having given notice to Plaintiff in its previous order to show cause, finds that the remaining Defendants have not been timely served and accordingly, Defendants Carl Cornwell, II, Kelli Cooper, Keith O'Conner, and Correct Care Solutions, are dismissed without prejudice. Plaintiff's motions for default judgment against these Defendants are denied.

**IT IS SO ORDERED.**

Date: August 23, 2018 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT